USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :       **18 CR 512 (VM)**
         -against-                  :       **DECISION AND ORDER**
                                    :
IGOR GOLDSHTEYN,                    :
                                    :
                  Defendant.        :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On December 7, 2018, defendant Igor Goldshteyn ("Goldshteyn") was sentenced to five years of probation upon pleading guilty to one count of theft of federal funds in violation of 18 U.S.C. § 666(a)(1)(A). (See Dkt. No. 23.)

Before the Court is a sealed letter from the U.S. Probation Department dated September 25, 2020, recommending early termination of Goldshteyn's probation. In a sealed letter submitted on October 13, 2020, the Government opposes this recommendation. The recommendation is hereby denied.

Early termination of probation is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of the sentence. United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997) (considering analogous request for early termination of supervised release); see also United States v. Dwyer, 15 Cr. 385, 2019 WL 3242308, at *2 (S.D.N.Y. July 3, 2019) (applying the same principle in probation context). Only "occasionally"

is early termination warranted when a defendant's "changed circumstances" render the previously imposed term "either too harsh or inappropriately tailored to serve" general punishment goals. Lussier, 104 F.3d at 36.

In its recommendation here, Probation does not set forth any changed circumstances which undermine the appropriateness of the terms or length of Goldshteyn's probation. Nor is the Court persuaded that it should modify its prior consideration of the sentencing factors in 18 U.S.C. Section 3553(a). While the Court commends Goldshteyn's positive adjustment to probation and his satisfaction of the fine and restitution imposed, compliance with the terms of his probation is not an appropriate basis to terminate Goldshteyn's five-year term, of which he has served less than two years. See Dwyer, 2019 WL 3242308, at *2 ("[A] defendant's full compliance with the terms of probation, without more, generally does not warrant early discharge from probation."); United States v. Sheckley, 129 F.3d 114 (2d Cir. 1997) (explaining defendant was "not entitled to early termination simply because he has successfully served a portion of his supervised release term"); Karacsonyi v. United States, 152 F.3d 918 (2d Cir. 1998) (affirming denial of early termination where defendant complied with the terms and conditions of release in part because "[f]ull compliance . . . is merely what is expected").

Accordingly, it is hereby

**ORDERED** that the recommendation of the Probation Department proposing early termination of probation of defendant Igor Goldshteyn is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       15 October 2020

```
                                      Victor Marrero
                                        U.S.D.J.
```